IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. KRIZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3253 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| 12th JUDICIAL DISTRICT BOARD OF MENTAL HEALTH OF BOX BUTTE COUNTY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Michael J. Kriz, who is in the custody of the Lincoln Regional Center pursuant to a judgment that he is mentally ill and dangerous. The plaintiff qualifies to proceed IFP, and, therefore, filing no. 2 is granted. However, because the plaintiff is proceeding IFP, the court conducts initial review of the complaint. See generally 28 U.S.C. § 1915(e)(2).

**Initial Review**

This case is duplicative of Case No. 4:05cv3254, assigned to the docket of Chief Judge Joseph F. Bataillon. However, the complaint in Case No. 4:05cv3254 contains slightly more detail and has attachments which are not included in this case. Nevertheless, both cases involve identical parties, request the same remedies, and address the same subject matter, i.e., the plaintiff's treatment at the Lincoln Regional Center where the plaintiff states he has been "warehoused" since October 20, 1992.

The plaintiff should not require two civil cases in which to present the same claims against the same defendants. In fact, "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted). Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

Consequently, this case will be dismissed without prejudice, the plaintiff may continue with his claims in Case No. 4:05cv3254, and the plaintiff's request for counsel,

filing 5, will be denied.

THEREFORE, IT IS ORDERED:

1. That the plaintiff's complaint and this action are dismissed without prejudice as wholly duplicative of Case No. 4:05cv3254;

2. The plaintiff's motion to appoint counsel, filing 5, is denied; and

3. That a separate judgment will be entered accordingly.

DATED this 11th day of October, 2005.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge